AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Virginia

CLERK'S OFFICE U.S. ~ ~OURT
AT ROANOKE, VA
FILED

JAN 07 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Antonio Lamont JONES | ) | Case No. 4:20-mj-1 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 18, 2019__ in the county of __Danville City__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., Section 841(a)(1) | Possess with Intent to Distribute a Controlled Substance |
| 18 U.S.C. Section 922(g)(1) | Possess firearm after having been Convicted of a Crime Punishable by Imprisonment for a term exceeding one year. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

C. K. Newcomb
Digitally signed by C. K. Newcomb
Date: 2020.01.06 16:54:26 -05'00'

*Complainant's signature*

Christopher K. Newcomb, ATF Task Force Officer
*Printed name and title*

Sworn and attested to telephonically.
~~Sworn to before me and signed in my presence.~~

Date: 1/7/2020

*Elizabeth K. Dillon*
*Judge's signature*

City and state: Roanoke, VA

Elizabeth K. Dillon United States District Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| ANTONIO LAMONT JONES | ) |
| | Case No._____ |

**AFFIDAVIT IN SUPPORT OF CRIMINAL
COMPLAINT AND ARREST WARRANT**

1. I, Christopher Newcomb, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Washington Field Division, Roanoke Field Office, having been duly sworn, hereby depose and state as follows:

INTRODUCTION

2. I make this affidavit in support of a complaint and arrest warrant under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure.

3. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.

4. Since March 2019, I have been sworn as a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") within the Washington Field Division, Roanoke, Virginia Field Office. I have served with the City of Danville Police Department in Danville, Virginia since September of 2015. During my time as a police officer, I have received training in various aspects of law enforcement, including gang investigations. I have also completed the ATF Task Force Officer Training Program, which includes: identification of firearms, identification of NFA firearms, seizure of firearms, and firearms investigations.

5. I am familiar with state and federal firearm laws and have participated in numerous firearms related investigations, including but not limited to searching for and seizing evidence, questioning suspects and witnesses, effecting arrests, and examining and testing various firearms.

6. Since becoming a sworn law enforcement officer, in 2015, I have either conducted or

1

7.     assisted other law enforcement officers in conducting numerous narcotics investigations that have resulted in the arrest and conviction of numerous individuals. I am knowledgeable about state and federal drug laws and have participated in numerous investigations of narcotics distribution. I have participated in many searches of residences and businesses of suspected drug traffickers for evidence of criminal activity.

7. The information contained in this affidavit is based on my personal knowledge of this investigation, on facts provided to me by other law enforcement officers who were involved in this investigation, and from documents and other materials reviewed by members of law enforcement in furtherance of this investigation. I have not included all the facts of this investigation, but only those sufficient to establish probable cause in support of this complaint.

## PROBABLE CAUSE

8. On November 18, 2019, an investigator of the Danville Virginia Police Department (DPD) while in an off duty capacity, observed Antonio Lamont JONES at the Food Lion store located at 540 Westover Drive, Danville, Virginia, within the Western District of Virginia. This investigator knew from previous dealings and investigations that JONES was then a fugitive from justice. This investigator contacted other members of the DPD to alert them to JONES' presence, and in order to cause the arrest of JONES.

9. Additional DPD Investigators came to the Food Lion to assist in apprehending JONES, and immediately observed JONES exiting the Food Lion. DPD Investigators commanded JONES to stop, but he did not stop; instead he fled on foot. A chase ensued, and JONES was apprehended nearby.

10. Searching JONES incident to his arrest, DPD Investigators found a Taurus Model PT 809, 9mm pistol, Serial Number TYJ31347 in JONES' right jacket pocket. This pistol had a magazine in its magazine well, and a round of ammunition chambered. JONES had $271 in United States currency on his person.

11. On the ground, beneath where JONES was handcuffed, investigators discovered a clear baggie. Inside this baggie, investigators discovered three additional, individually wrapped baggies, one of which containing approximately 3 grams of suspected heroin (field tested positive), another containing approximately 4 grams of suspected cocaine, and the third bag containing approximately 0.4 grams of suspected crack cocaine. Additionally, law enforcement discovered two plastic baggies containing an assortment of suspected prescription medication.

12. JONES was advised of his rights under Miranda, and agreed to waive these rights and speak to investigators. Thereafter, JONES admitted that he had possessed both the bag containing the suspected narcotics, as well as the firearm. JONES further admitted that he possessed the narcotics in order to sell them, that he knew he was prohibited from

2

possessing a firearm, and that he possessed the firearm for his protection.

13. A search of the records of the Circuit Court for the City of Danville determined that JONES had previously been convicted of a crime punishable by more than a year of incarceration, to wit, felony distribution of cocaine. The Taurus, Model PT 809, 9mm pistol found in JONES' jacket pocket was determined to be a firearm, designed to expel a projectile by means of an explosion, and was also been determined to have been manufactured outside of the Commonwealth of Virginia, and therefore to have moved in interstate or foreign commerce.

## CONCLUSION

14. Based on the aforementioned factual information and my training and experience in criminal investigations, I submit that probable cause exists to conclude Antonio Lamont JONES did knowingly and willingly possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and knowingly possessed in or affecting commerce a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18. U.S.C. § 922(g)(1).

C. K. Newcomb
Digitally signed by C. K. Newcomb
Date: 2020.01.06 17:01:56 -05'00'

Christopher Newcomb – Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND SUBSCRIBED TO BEFORE ME TELEPHONICALLY
THIS 7th DAY OF JANUARY 2020

*Elizabeth K Dillon*
HONORABLE ELIZABETH K DILLON
UNITED STATES DISTRICT JUDGE

3